The Honorable Morril Harriman State Senator 522 Main Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request for an opinion on:
 whether or not the tax assessor of Crawford County, Arkansas may or is required to reassess those properties which have experienced damage, whether total or partial, and upon such reassessment lower the assessed value of said property until such time as the homes or other improvements have been either repaired or reconstructed.
Your question arises because of recent severe storm damage to property in the Van Buren area.
As noted in your request, a state statute addresses this situation, providing:
 (1) In each year all real estate or improvements thereon which shall have been damaged by fire, flood, tornado, or other act of God, if the actual loss not covered by insurance shall be more than one hundred dollars ($100), and if the property is then on the assessment record at a value determined prior to the damage, and if the damage shall have occurred prior to the date the assessor is required by law to deliver his report of assessment to the county clerk, shall be revalued and assessed by the assessor.
 (2) Appeals shall lie from the action of the assessor as in the case of other property in that year assessed.
A.C.A. § 26-26-1107(b) (Repl. 1992).
The statute contains several elements that must be satisfied before a particular property may be revalued thereunder:
 1) the property must have been damaged by fire, flood, tornado, or other act of God;
2) the actual loss not covered by insurance must be more than $100;
 3) the property must be on the assessment record at a value determined prior to the damage; and
 4) the damage must have occurred prior to the date on which the assessor is required to deliver his report of assessment to the county clerk.
In the case you describe, it appears that elements 1) and 4) will be satisfied with respect to each property damaged: the damage was due to one or more tornadoes; and the tornadoes occurred in 1996 prior to the third Monday in August, the date upon which the assessor is required to deliver his report of assessment to the county clerk. See A.C.A. §26-26-716(a)(1) (Repl. 1992).
Elements 2) and 3) may or may not be satisfied with respect to any particular property. Element 2) obviously requires a factual inquiry as to each damaged property. In my opinion, element 3) refers to the assessment record for the year in which the damage occurred; in other words, the element will not be satisfied with respect to a particular property if the property had not been assessed for 1996 by the time of the storm damage.
In my opinion, the statute requires the assessor to revalue and assess each property as to which all four elements of the statute are satisfied. The legislature's use of the phrase "shall be revalued and assessed by the assessor" is inconsistent with the notion that the assessor has any discretion in the matter. As the revaluation and assessment are occasioned by damage to the property, it is reasonable to expect, as assumed in your request, that such revaluation and assessment will result in a lower assessed property value.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh